# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**NORTHLAND GRANDEVILLE, LLC,**

      **Plaintiff,**

v.                                                    Case No: 6:17-cv-1421-Orl-18DCI

**WILLIAM VINCENT and HEATHER SCHOLL,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. 4)
>
> **FILED:** August 2, 2017
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the case be **REMANDED.**

**I. BACKGROUND.**

Plaintiff filed a Complaint against Defendants in state court on July 20, 2017, seeking to evict Defendants from their apartment for failure to pay $1,580.83 in rent. Doc. 2.

William Vincent (hereinafter, Defendant), who is proceeding *pro se*, filed a Notice of Removal on August 2, 2017. Doc. 2.[1] Defendant maintains that Plaintiff was required, but intentionally failed, to allege compliance with the Civil Rights Act of 1968, which is colloquially referred to as the Fair Housing Act (FHA), 42 U.S.C. § 3601 *et seq*. *Id*. at ¶ 6. Defendant maintains

---

[1] Heather Scholl has not yet appeared in this case.

that he and Ms. Scholl are members of a protected class, and, thus, suggests they are entitled to protection under the FHA in this eviction action. *Id*. at ¶ 10.[2] Defendant, as a result, maintains that Plaintiff has actually brought a federal cause of action for "ejectment/eviction." *Id*. at ¶ 11.

Defendant filed an Answer tacitly conceding that he has not paid rent due to a "financial crisis" brought about by his recent layoff. Doc. 3.

Defendant filed an Application to Proceed in District Court without Prepaying Fees or Costs along with his Notice of Removal. Doc. 4. The undersigned construes the application as a motion to proceed *in forma pauperis* (Motion).

## II. STANDARD OF REVIEW.

The Court must conduct a two-step inquiry when a plaintiff's files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2), and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id*. at § 1915(e)(2)(B)(i-iii).[3] The Court must also dismiss the complaint if it determines it has no subject matter jurisdiction over the claims. Fed. R. Civ. P. 12(h)(3); *see Davis v. Ryan Oaks Apartment*, 357 F. App'x 237, 238-39

---

[2] Defendant does not claim that Plaintiff is seeking to evict him (or Ms. Scholl) based on his membership in a protected class. *See* Docs. 1; 3.

[3] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

(11th Cir. 2009) (per curiam).[4]  The Court must liberally construe the complaint when conducting the foregoing inquiry, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), but the Court does not have a license to serve as *de facto* counsel for the *pro se* litigant, or "rewrite" the complaint to establish subject matter jurisdiction, avoid frivolousness, or state a claim upon which relief may be granted.  *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

### III.  ANALYSIS.

The undersigned finds that Defendant is a pauper.  The undersigned, however, also finds that the Court lacks subject matter jurisdiction over this case.  Therefore, the undersigned recommends that the case be remanded to state court.

A defendant may remove any civil action from state court to federal court over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  Federal courts have original jurisdiction over all civil actions: 1) arising under the Constitution, laws, or treaties of the United States (*i.e.*, federal question jurisdiction); or 2) where there is complete diversity of citizenship between the parties in the action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs (*i.e.*, diversity jurisdiction).  28 U.S.C. §§ 1331, 1332.  The Court has a duty to inquire into its subject matter jurisdiction whenever it may be lacking.  *Hernandez v. U.S. Atty. Gen.*, 513 F.3d 1336, 1339 (11th Cir. 2008) (per curiam).  "The existence of federal jurisdiction is tested at the time of removal."  *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "A

---

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.  *See* 11th Cir. R. 36-2.

removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Statutes governing removal are strictly construed, and thus "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

This eviction action does not arise under the Constitution, laws, or treaties of the United States, but, instead, arises under the laws of the State of Florida. Doc. 2. It appears Defendant believes that Plaintiff's attempt to evict him (and Ms. Scholl) violates the FHA, and, thus, he is asserting a defense or counterclaim to Plaintiff's cause of action. *See* Doc. 1. Defendant, though, has not asserted such a defense or counterclaim in his Answer. *See* Doc. 3. Further, even if Defendant had asserted a defense or counterclaim pursuant to the FHA, the Court would still not have subject matter jurisdiction over this case. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (concluding that a "counterclaim . . . cannot serve as the basis for arising under jurisdiction"); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 390 (1987) ("[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated."). Therefore, Defendant has failed to demonstrate that the Court has federal question jurisdiction over this case, and, thus, has failed to demonstrate the Court has subject matter jurisdiction over this case.[5] As a result, the undersigned recommends that the Motion be denied, and the case be remanded to state court.

---

[5] Defendant does not contend that the Court has diversity jurisdiction over this case. *See* Doc. 1. The undersigned has nevertheless considered whether the Court has diversity jurisdiction over this case. The parties' citizenship is unclear, but the amount of controversy is clear and does not exceed $75,000.00, exclusive of interest and costs. Doc. 2 at ¶ 4. Therefore, the undersigned finds that the Court does not have diversity jurisdiction over this case.

**IV. CONCLUSION.**

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 4) be **DENIED**;

2. The case be **REMANDED** to state court;

3. All other pending motions be **DENIED as moot**; and

4. The Clerk be directed to close the case.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 7, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy